An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD GRAVES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60390

FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a motion for specific performance, or alternatively, to withdraw a guilty plea.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his motion filed on January 20, 2012, appellant claimed that his attorney was ineffective in regards to obtaining a continuance for sentencing, causing appellant to fail to appear for the sentencing hearing, which left the door open for the state to argue for the maximum term because appellant had breached the plea agreement.[2] Appellant also claimed that his attorney informed him on the day of the sentencing

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant asserted that he did not breach the plea agreement as he called his attorney when he found out that he could not get a travel pass from his parole officer in California.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04618

hearing that he would still get probation as agreed to by the parties despite the fact that he had failed to appear for the initial sentencing hearing.

To the extent that appellant sought specific performance of the plea agreement, we note that a motion for specific performance of the plea agreement is not a recognized vehicle to raise a claim that the plea agreement was breached. Rather, a claim that the plea agreement was breached must be raised on direct appeal, see Franklin v. State, 110 Nev. 750, 877 P.2d 1058 (1994), overruled on other grounds by Thomas v. State, 115 Nev. 148, 979 P.2d 222 (1999), or in a post-conviction petition for a writ of habeas corpus in compliance with the procedural requirements of NRS chapter 34.

To the extent that appellant sought to withdraw the guilty plea, appellant previously litigated a nearly identical claim in his post-conviction petition for a writ of habeas corpus. This court considered and rejected his arguments on appeal. Graves v. State, Docket No. 59709 (Order of Affirmance, November 15, 2012). The doctrine of the law of the case prevents further litigation of this issue and cannot be avoided by a more detailed and precisely focused argument made upon reflection of the prior proceedings. See Hall v. State, 91 Nev. 314, 535 P.2d 797 (1975). Further, we conclude that the equitable doctrine of laches precluded consideration of the motion because there was an almost two-year delay from entry of the judgment of conviction and appellant previously litigated a post-conviction petition for a writ of habeas corpus. Hart v. State, 116

Nev. 558, 563-64, 1 P.3d 969, 972 (2000). Therefore, the district court did not err in denying appellant's motion, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
Richard Graves
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk